IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 14-12398-E

SOUTHERN DISTRICT OF FLORIDA,
Case No. 13-60284-CR-COHN

THE UNITED STATES OF AMERICA,

Appellee,

vs.

BRANDON ROBINSON,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

*********************
INITIAL BRIEF FOR
APPELLANT BRANDON ROBINSON
*********************

STEVEN H. HAGUEL
LAW OFFICE OF STEVEN H. HAGUEL
Counsel for Brandon Robinson
One Datran Center, Suite 400
9100 South Dadeland Boulevard
Miami, Florida 33156
P. (305) 256-1000
F. (305) 670-1925
Email:  Steven@HaguelLaw.com
Florida Bar No. 237884

CERTIFICATE OF INTERESTED PERSONS

The following is a list of persons and entities that have, or may have an interest in the outcome of this case:

Bullock, Kerry

Caruso, Michael

Chambrot, Joseph

Cohn, Hon. James I.

Federal Public Defender's Office

Ferrer, Wilfredo

Flowers, Everson

Gibson, Joseph

Haguel, Steven

Holston, Andre

Hunt, Hon. Patrick

Jones, Jose

Koontz, Katherine

Manto, Ronald

Ray, Kenneth

Robinson, Brandon

C1 OF 2

Certificate of Interested Persons, cont.
*United States v. Robinson*
Case No. 14-12398-E

Seltzer, Hon. Barry

Shapiro, Jaqueline

Smith, Jan

Snow, Hon. Lurana

Steinberg, Corey

Stickney, Robert

Stubbs, Vidal

United States Attorney's Office

Valle, Hon. Alicia

Viamontes, Francis

Wallace, Arthur

C2 OF 2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests that an oral argument should be heard in this appeal because it pertains to statutory construction and the necessary evidentiary foundations of crimes falling within the jurisdiction of the federal courts.

The statute at issue, 18 U.S.C. § 1591, makes it a federal crime to knowingly entice, harbor, transport, provide, obtain or maintain, in and affecting interstate commerce, a person that has not attained the age of 18 for the purposes of engaging in a commercial sex act, knowing or in reckless disregard of the fact that the person is under the age of 18.

In *Flores-Figueroa*, 556 U.S. 646, 129 S. Ct. 1886, 1890 (2009), the Supreme Court ruled that "[i]n ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence."

Applying that standard to the statute at hand then, Mr. Robinson submits that the Government was required to show that Mr. Robinson committed the actions alleged in the indictment knowing that they were "in and affecting interstate commerce." The Government made no such showing during Mr. Robinsons' guilty plea, sentencing, or restitution hearing, and no such evidence

iv

was propounded in Mr. Robinson's Presentence Investigation Report. Because guilty pleas are not intelligent, knowing and voluntary if a defendant does not have the requisite knowledge to complete an offense, *see United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1037-38 (8th Cir. 2010), Mr. Robinson submits this Court should vacate his conviction.

An oral argument will allow the members of the panel the opportunity to question counsel for the respective parties about what occurred in the district court, why it occurred, how it was allowed to happen, and what may be done to remedy the injustice visited upon Brandon Robinson and to deter such injustice in other cases in the future.

TABLE OF CONTENTS AND CITATIONS

CERTIFICATE OF INTERESTED PERSONS                                    C1 of 2

STATEMENT REGARDING ORAL ARGUMENT                                    iii

TABLE OF CONTENTS AND CITATIONS                                      v

STATEMENT OF JURISDICTION                                            1

STATEMENT OF THE ISSUES                                              1

STATEMENT OF THE CASE                                                2

    Course of Proceedings Below                  2

    Factual Background                           4

STANDARDS OF REVIEW                                                  7

SUMMARY OF THE ARGUMENT                                              8

ARGUMENT AND AUTHORITIES

    The district court erred in accepting Mr. Robinson's
plea because there was insufficient evidence to show
that Mr. Robinson knew that his trafficking in minors
was "in and affecting" interstate commerce.                          12

CONCLUSION                                                           17

STATEMENT OF COMPLIANCE WITH TYPE STYLE                              18

CERTIFICATE OF SERVICE                                               18

TABLE OF CITATIONS

*Flores-Figueroa*, 556 U.S. 646, 129 S. Ct. 1886 (2009)          *passim*

*United States v. Shim*, 584 F.3d 394 (2d Cir. 2009)          *passim*

*United States v. Ochoa-Gonzalez*,

    598 F.3d 1033 (8th Cir. 2010)          *passim*

*United States. v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005)          6

*United States v. Evans*, 478 F.3d 1332, (11th Cir. 2007)          7


<u>Other Authorities</u>

United States Code

    28 U.S.C. § 1291          1

    18 U.S.C. § 3742          1

    18 U.S.C. § 1591          *passim*

    18 U.S.C. § 2421          8, 11

    18 U.S.C. § 1028A          10

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the United States District Court for the Southern District of Florida in a criminal case.

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with offenses against the laws of the United States. The jurisdiction of this Court is involved under 28 U.S.C. § 1291 which gives this Court jurisdiction of appeals from all final decisions of the district courts, and 18 U.S.C. §3742(a) which permits a defendant to file a notice of appeal for review of a final sentence.

The judgment against Brandon Robinson was entered on the district court docket on May 19, 2014 (DE 282). A notice of appeal was timely filed on May 29, 2014 (DE 305).

## STATEMENT OF THE ISSUE

Whether the district court erred in accepting Mr. Robinson's plea since there was insufficient evidence to show that Mr. Robinson knew that his trafficking in minors was "in and affecting" interstate commerce.

STATEMENT OF THE CASE

*Course of Proceedings Below*

On November 21, 2013, a grand jury sitting in the Southern District of Florida returned an indictment alleging that between July and November 2013, Brandon Robinson, Jose Jones, Andre Holston, Everson Flowers, Kerry Bullock, Vidal Stubbs, and Kenneth Ray, conspired to traffic in minors for purposes of engaging in a commercial sex act, in violation of 18 U.S.C. § 1594(c) (Count 1). (DE 3). Mr. Robinson and Mr. Flowers were both additionally charged with two counts each of transporting a minor for the purposes of engaging in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Count 2, 3, 6 & 7). Mr. Holston and Mr. Jones were each charged with a single count of transporting minors for the purposes of engaging in a sex act, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Counts 4 & 5). (*See also*, Superseding Indictment, DE 144).

On February 6, 2014, Mr. Robinson filed a motion *in limine* seeking to exclude any mention whatsoever of evidence that he may be affiliated with the "Bloods" gang or any other gang. (DE 147). The government opposed the motion (DE 167) and the trial court denied it (DE 180).

On February 26, 2014, Mr. Stubbs filed a notice of change of plea. (DE 178,). On February 27, 2014, Mr. Flowers entered a notice of change of plea. (DE 181). Each of the men had a change of plea hearing (DE 185, 197) and on February 28, 2014, a change of plea hearing was held for Mr. Bullock as well. (DE 201). On February 28, 2014, the government filed a motion *in limine* seeking to introduce evidence of consciousness of guilt. (DE 196). On March 1, 2014, before the trial court could rule on the motion, Mr. Robinson filed a notice of intent to plead guilty. (DE 205). On March 3, 2014, a change of plea hearing was held for Mr. Jones. (DE 221). Mr. Holston proceeded to jury trial. (DE 224, 227 – 230). All of the defendants pled or were found guilty as charged.

As part of his plea, Mr. Robinson gave a factual proffer, the substance of which is the basis for the "Factual Background" below. (DE 209 & 220). A change of plea hearing was held on March 3, 2104. (DE 218, 336).

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). (DE 262). Mr. Robinson filed letters with the Court from his family members asking the court's forgiveness and attesting to his difficult upbringing. (DE 276-1). A sentencing hearing was held on May 16, 2014. (DE 279, 337).

On May 19, 2014, the court entered its judgment, finding Mr. Robinson guilty of Count 1, 2 and 3, and sentencing him to 360 months' imprisonment for each count, to run concurrently and a lifetime of supervised release. (DE 282). It later amended its order to include $14,000.00 of restitution (DE 324).

On May 29, 2014, Mr. Robinson filed his notice of appeal. (DE 305). Mr. Robinson is currently incarcerated pending appeal.

*Factual Background* [1]

On July 25, 2013, the Fort Lauderdale Police Department received a child abuse report from Z.G.'s mother reporting that her daughter was prostituting and living with her boyfriend, ACE. The report indicated that ACE had been physically violent with Z.G. On August 8, 2013, the Plantation Police Department, in response to an anonymous tip, responded to the Plantation Inn and found Jose Jones (hereinafter "CHICO"), Brandon Robinson (hereinafter "ACE") and Z.G. at the hotel. A handgun and marijuana were found in the room. The firearm was seized but could not be tied to any one person. Z.G. was returned to her mother. (DE 220 at ¶ 1).

---

[1] This Factual Background is quoted almost directly from Mr. Robinson's Factual Proffer. (DE 220). Changes have been made for grammar, tense, and brevity.

On October 15, 2013, the Fort Lauderdale Police Department located and interviewed M.Y. Through a six-pack photo line-up, M.Y. identified ACE as the man who forced her into prostitution. M.Y. stated that it began when she and L.J. were picked up by L.J.'s godfather (later identified as KENNETH RAY) and driven to a hotel. Once at the hotel, ACE took pictures of her and posted the pictures in a Backpage.com ad. Once M.Y. was posted on Backpage, ACE left her in a hotel room (La Quinta on Commercial) with a phone that was designated for prostitution dates. CHICO, ACE, L.J. and an unknown adult female were in the room next to M.Y.'s room. That night, M.Y. estimates that she had approximately 50 prostitution dates. ACE collected the money after every date. During two of the dates, ACE remained in the bathroom of the hotel room because he did not trust that M.Y. would stay in the room and continue working. When M.Y. first began prostituting for ACE, she was told to answer the work phone that was used to arrange dates. However, several of the customers commented that she sounded very young. This angered ACE and according to M.Y., he choked her while she was lying on the bed. Later that same night, M.Y. said she wanted to leave the hotel but ACE pushed her back into the room and said she could not leave. During the morning hours of the next day, M.Y. was able to escape the hotel with a friend. L.J. told her not to

leave but she left in spite of the warning. M.Y. later saw the Backpage ad that ACE had posted of her and saw that he had posted her under the name "Kia". L.J.'s email address and CHICO's phone number were listed on the ad. (DE 220 at ¶ 3).

On October 15 and 22, 2013, another minor, T.C., was located and interviewed. T.C. indicated that ACE was prostituting both Z.G. and M.Y. On October 23, 2013, Z.G. was located and interviewed. Z.G. admitted to both dating ACE and prostituting for him. She also admitted that she gave ACE half of the proceeds she earned from prostitution. Z.G. was shown several Backpage ads and identified her ad and acknowledged that the phone number listed on the ad belonged to ACE. In a later interview, T.C. provided an overview of the group, indicated that ACE was clearly in charge of the operation, and that the other co-conspirators followed his lead. (DE 220 at ¶ 4).

The FBI obtained jail calls made by an adult female, Jeana Dubois, who was in a relationship with ACE. On several of the calls Dubois made to ACE, ACE talks about "licks" (slang for prostitution dates). On one call, he can be heard acknowledging that L.J. was not yet 18. (DE 220 at ¶ 5).

On a jail call dated December 9, 2013, ACE asked Ms. Dubois to make sure that M.Y. be unavailable for trial. When Dubois agreed and told

him that she will find her and beat her, ACE told Dubois that he meant M.Y. was to have "no more oxygen." (DE 220 at ¶ 6).

On February 21, 2014, Coi Robinson-Barrett was interviewed and stated that he went to the Plantation Inn and had sexual intercourse with T.C. in exchange for money, after responding to an ad under the name of "Cherry," who was later identified as T.C. On a later date, Barrett met T.C. at the La Quinta Inn and again had sexual intercourse with her in exchange for money. (DE 220 at ¶ 7).

## STANDARDS OF REVIEW

Questions of statutory interpretation are reviewed de novo. *United States. v. Johnson*, 399 F.3d 1297, 1298 (11th Cir. 2005).

Un-objected to errors committed during the guilty plea phase of a case are reviewed for plain error. *United States v. Evans*, 478 F.3d 1332, (11th Cir. 2007); *see also United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1036 (8th Cir. 2010).

## SUMMARY OF THE ARGUMENT

The federal statute at issue in Mr. Robinson's case, prohibiting the "Sex trafficking of children by force, fraud or coercion," provides that:

> (a)    Whoever knowingly-
>
> (1)    in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> (2)    benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b),

18 U.S.C. § 1591.

In *Flores-Figueroa*, 556 U.S. 646, 129 S. Ct. 1886, 1890 (2009), the Supreme Court ruled that "[i]n ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence."

8

In *Flores-Figueroa*, that had the practical effect of requiring that in order to be found guilty of aggravated identity theft, 18 U.S.C. § 1028A(a)(1), there had to be a showing that the defendant knew that the false identity he or she was using actually belonged to another person.

In *United States v. Shim*, 584 F.3d 394 (2d Cir. 2009), the Second Circuit, citing the rules of statutory construction in *Flores-Figueroa*, ruled there could be no violation of 18 U.S.C. § 2421 – criminalizing the transporting of women in interstate and foreign commerce for the purpose of prostitution – without a showing that the women were transported in interstate commerce and that the defendant knew of such transport.

Applying *Flores-Figueroa* to the statute in the instant case, the government was required to show that the minors involved in the incidents alleged by the Government were transported across state lines and that Mr. Robinson was aware of such transport.

The federal statute at issue in Mr. Robinson's case, prohibiting the "Sex trafficking of children by force, fraud or coercion," provides that:

> (a)    Whoever knowingly-
>
> (1)    in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

9

(2)    benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b),

18 U.S.C. § 1591.

Section 1591(a)(1) gives two ways in which a defendant *knowingly* "recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person" within the federal jurisdiction of the United States: either "in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States[.]" Either way, "knowingly," in section 1591(a), stands astride both the clauses "in and affecting state commerce" and "within the special maritime and territorial jurisdiction of the United States" which appear in subsection 1591(a)(1). The term "knowingly," by its placement in (a) instead of within (a)(1), similarly applies to "recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person."

10

In *United States v. Ochoa-Gonzalez*, 598 F.3d 1033, 1038 (8th Cir. 2010), the Eighth Circuit applied the holding in *Flores-Figueroa* to vacate a plea to aggravated identity theft where it was clear that "neither Ochoa–Gonzalez, nor her counsel, nor the court understood that her knowledge that the ADIT number [a unique passport number] belonged to another person was an essential element of aggravated identity theft."

Because the Government presented no evidence that Mr. Robinson was aware that his trafficking in minors for the purposes of commercial sex acts was "in and affecting" interstate commerce, and because pleas of guilty require such knowledge to be knowing, willing, and voluntary, *United States v. Ochoa-Gonzalez*, 598 F.3d 1033 (8th Cir. 2010), Mr. Robinson asks that this Court vacate his conviction.

## ARGUMENT AND AUTHORITIES

> The district court erred in accepting Mr.
> Robinson's plea because there was insufficient
> evidence to show that Mr. Robinson knew that his
> trafficking in minors was "in and affecting"
> interstate commerce.

In *United States v. Shim*, 584 F.3d 394 (2d Cir. 2009), the Second Circuit ruled there could be no violation of 18 U.S.C. § 2421 – criminalizing the transporting of women in interstate and foreign commerce for the purpose of prostitution – without a showing that the women were transported in interstate commerce and that the defendant knew of such transport. To reach that conclusion, the court in *Shim* applied the Supreme Court's holding in *Flores-Figueroa*, 556 U.S. 646, 129 S. Ct. 1886 (2009), that the term "knowingly" in the federal identity theft statute, 18 U.S.C. § 1028A(a)(1), required not only that the defendant know that he was using a false identity, but also that it belonged to another person. The crux of that analysis reasoned that: "[i]n ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Shim*, 594 F.3d at 395 (citing *Flores-Figueroa*, 125 S.Ct. at 1890).

The statute in *Shim* provided that:

> Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2421.

The federal statute at issue in Mr. Robinson's case, prohibiting the "Sex trafficking of children by force, fraud or coercion," provides that:

> (b)   Whoever knowingly-
>
> (1)    in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> (2)    benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b),

18 U.S.C. § 1591.

13

Section 1591(a)(1) gives two ways in which a  defendant  *knowingly* "recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person" within the federal jurisdiction of the United States: either "in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States[.]" Either way, "knowingly," in section 1591(a), stands astride both the clauses "in and affecting state commerce" and "within the special maritime and territorial jurisdiction of the United States" which appear in subsection 1591(a)(1). The term "knowingly," by its placement in (a) instead of within (a)(1), similarly applies to "recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person."

If "knowingly" were not meant to apply to the entire clause in (a)(1), the obvious and clear drafting would have put knowingly within clause (a)(1) and not clause (a), to read as such:

> (a)    Whoever -
>
> (1)    in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, *knowingly* recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person.

> (2)    *knowingly* benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

The Supreme Court's holding in *Flores-Figueroa* and the Second Circuit's holding in *Shim* are fully applicable in this scenario. The Government was required to show that Mr. Robinson knew that his trafficking in minors for commercial sex acts was "in and affecting" interstate commerce. The Government made no such showing anywhere on the record.

In *United States v. Ochoa-Gonzalez*, 598 F.3d 1033 (8th Cir. 2010), the Eighth Circuit held that pleading to aggravated identity theft, without knowledge of the existence of one of the essential elements of the offense – that the defendant must have known that the identity at issue belonged to another real person – and therefore no advice as to its requirements, was plain error necessatating vacation of the conviction.

THEREFORE, because guilty pleas require a showing in order to be willing, knowing, and voluntary, and pleas made without knowledge or advice of one of the essential elements of the offense is plain and reversible error, Mr. Robinson requests that this Court vacate his conviction.

## CONCLUSION

Based upon any or all of the foregoing reasons and the authorities cited, Appellant respectfully prays that his conviction be vacated.

Very respectfully submitted,

_____/s/_____
STEVEN H. HAGUEL
LAW OFFICE OF STEVEN H. HAGUEL
Counsel for Brandon Robinson
One Datran Center, Suite 400
9100 South Dadeland Boulevard
Miami, Florida 33156
P. (305) 256-1000
F. (305) 670-1925
Email:  Steven@HaguelLaw.com
Florida Bar No. 237884

STATEMENT OF COMPLIANCE WITH TYPE STYLE & VOLUME

Appellant states that in compliance with Fed. R. App. P. 32(a)(5) and 32(a)(6), this brief is typed in Times New Roman, 14-point, and that according to the Word program on which it is prepared, it contains no more than 3,094 words.

CERTIFICATE OF COMPLIANCE
WITH ECF & SERVICE

I HEREBY CERTIFY that on September 4, 2014, this initial appellant brief was electronically filed with the Clerk of this Court.  Kathleen M. Salyer, Assistant United States Attorney, Chief of the Appellate Section, 99 NE Fourth Street, Miami, Florida 33132-22111 will receive a copy via ECF, and a copy will be mailed to:  Legal Mail, Open Only in the Presence of the Inmate, Brandon Robinson, Reg. No. 04577-104, Coleman USP, United States Penitentiary, Coleman 1, Post Office Box 1033, Coleman, Florida 33521.

_____/s/_____
STEVEN H. HAGUEL
LAW OFFICE OF STEVEN H. HAGUEL