IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO.
# 14-12398-EE

United States of America,

Appellee,

- versus -

Brandon Robinson,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

### BRIEF FOR THE UNITED STATES

Wifredo A. Ferrer
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9285

Kathleen M. Salyer
Chief, Appellate Division

Emily M. Smachetti
Assistant United States Attorney

Nicole D. Mariani
Assistant United States Attorney
Of Counsel

**United States v. Brandon Robinson, Case No. 14-12398-EE**

**Certificate of Interested Persons**

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case who were not included in the Certificate of Interested Persons set forth in appellant's brief:

Mariani, Nicole D.

Smachetti, Emily M.

Salyer, Kathleen M.



   s/Nicole D. Mariani
Nicole D. Mariani
Assistant United States Attorney

## Statement Regarding Oral Argument

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

**Table of Contents**

**Page**:

Certificate of Interested Persons  ....................................................... c-1

Statement Regarding Oral Argument  ................................................ i

Table of Contents  ............................................................................ ii

Table of Citations  ............................................................................iv

Statement of Jurisdiction  ................................................................ix

Statement of the Issue  ..................................................................... 1

Statement of the Case:

      1.     Course of Proceedings and Disposition in the Court Below  ............ 1

      2.     Statement of the Facts  ..................................................... 6

      3.     Standard of Review  ......................................................... 9

Summary of the Argument  .............................................................. 9

**Table of Contents**

**(Continued)**

**Page:**

Argument and Citations of Authority:

      The District Court Did Not Plainly Err in Finding that Robinson

      Knowingly Pleaded Guilty to Conspiring to Commit and Committing

      Sex Trafficking of a Minor……………………………………………….10

Conclusion  ........................................................................................... 22

Certificate of Compliance ................................................................... 23

Certificate of Service  .......................................................................... 23

# Table of Citations

**Cases:**                                                              **Page:**

*Flores-Figueroa v. United States,*

    556 U.S. 646, 129 S. Ct. 1886 (2009) ............................................................ 19, 20

*United States v. Brannan,*

    562 F.3d 1300 (11th Cir. 2009)............................................................12

*United States v. Camacho,*

    233 F.3d 1308 (11th Cir. 2000)............................................................16

*United States v. Daniel,*

    685 F.3d 1237 (11th Cir. 2012)............................................................18

*United States v. Daniels,*

    225 F. App'x 795 (11th Cir. 2007)........................................................13

*United States v. DePace,*

    120 F.3d 233 (11th Cir. 1997)..............................................................16

*United States v. Dewater,*

    224 F. App'x 904 (11th Cir. 2007)........................................................13

*United States v. Dominguez Benitez,*

    542 U.S. 74, 124 S. Ct. 2333 (2004)....................................................15

**Table of Citations**

**(Continued)**

<u>Cases</u>:                                                                                   <u>Page</u>:

*United States v. Evans*,

  476 F.3d 1176 (11th Cir. 2007).......................................................... 15, 18

*United States v. Feola,*

  420 U.S. 671, 95 S. Ct. 1255 (1975)....................................................18

*United States v. Hayes*,

  40 F.3d 362 (11th Cir. 1994)................................................................14

*United States v. Hernandez-Fraire*,

  208 F.3d 945 (11th Cir. 2000)..............................................................15

*United States v. Humphrey*,

  164 F.3d 585 (11th Cir. 1999)..............................................................21

*United States v. Jernigan*,

  341 F.3d 1273 (11th Cir. 2003).............................................................12

*United States v. Monroe*,

  353 F.3d 1346 (11th Cir. 2003)..............................................................14

*United States v. Moriarty*,

  429 F.3d 1012 (11th Cir. 2005).......................................................... 14, 16

**Table of Citations**

**(Continued)**

<u>**Cases**</u>:                                                                                  <u>**Page**</u>:

*United States v. Mosley*,

   173 F.3d 1318 (11th Cir. 1999)................................................................16

*United States v. Mozie*,

   752 F.3d 1271 (11th Cir. 2014)..............................................................17

*United States v. Myers*,

   430 F. App'x 812 (2011) .......................................................................19

*United States v. Peerani*,

   2014 WL 3953414 (11th Cir. Aug. 14, 2014).....................................13

*United States v. Phea*,

   755 F.3d 255 (5th Cir. 2014).................................................................21

*United States v. Quinones*,

   97 F.3d 473 (11th Cir. 1996)...................................................................9

*United States v. Rodriguez*,

   398 F.3d 1291 (11th Cir. 2005)..........................................................9, 11

*United States v. Sawyer*,

   733 F.3d 228 (7th Cir. 2013).................................................................21

**Table of Citations**

**(Continued)**

**Cases:**                                                                              **Page:**

*United States v. Silvestri*,

409 F.3d 1311 (11th Cir. 2005)...............................................................12

*United States v. Wiggins*,

131 F.3d 1440 (11th Cir. 1997)......................................................... 16, 17

*United States v. X-Citement Videos, Inc.*,

513 U.S. 64, 115 S. Ct. 464 (1994)......................................................20

**Statutes & Other Authorities:**                                                       **Page:**

18 U.S.C. § 1028A ....................................................................... 19, 20

18 U.S.C. § 1591 ................................................................... 1, *passim*

18 U.S.C. § 3231 ................................................................................ ix

28 U.S.C. § 1291 ................................................................................ ix

Fed. R. App. P.4 ................................................................................ ix

Fed. R. App. P. 32 ...........................................................................23

Fed. R. Crim. P. 11...........................................................................15

## <u>United States Sentencing Guidelines</u>:                              <u>Page</u>:

§ 2G1.3.......................................................................................................3

§ 3A1.1.......................................................................................................3

§ 3B1.1.......................................................................................................3

§ 3C1.1.......................................................................................................4

§ 3E1.1…………………………………………………………………………..4

**Statement of Jurisdiction**

This is an appeal from a final judgment of the United States District Court for the Southern District of Florida in a criminal case. The district court entered judgment against Brandon Robinson on May 19, 2014 (DE:282). The district court had jurisdiction to enter the judgment pursuant to 18 U.S.C. § 3231. Robinson filed a timely notice of appeal on May 29, 2014 (DE:303). *See* Fed. R. App. P.4(b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

**Statement of the Issue**

Whether Robinson knowingly pleaded guilty to conspiring to commit and committing sex trafficking of minors, in violation of 18 U.S.C. §§ 1591 and 1594.

**Statement of the Case**

**1.**     **Course of Proceedings and Disposition in the Court Below**

On February 6, 2014, a Southern District of Florida grand jury charged Robinson, along with five co-defendants, with conspiring to commit sex trafficking of minors, in violation of 18 U.S.C. §§ 1591 and 1594 (Count 1); charged Robinson with sex trafficking of a minor named Z.G., in violation of 18 U.S.C. §§ 1591 and 2 (Count 2); and charged Robinson with sex trafficking of a minor named M.Y., in violation of 18 U.S.C. §§ 1591 and 2 (Count 3) (DE:144). On March 3, 2014, Robinson pleaded guilty without a plea agreement to all three counts (DE:336).

During his plea colloquy, Robinson stated that he had fully discussed the charges contained in the indictment with his counsel and that he understood that he could be sentenced to life imprisonment for his offenses (DE:336 at 4-5). The Government then set forth the elements of the crimes of conspiracy to commit sex trafficking of a minor and sex trafficking of a minor, stating:

> As to conspiracy to sex traffic minors, two or more people come to a mutual understanding to try to accomplish a common and unlawful plan.
>
> Secondly, the Defendant knew the unlawful purpose of the plan, willfully joined in on it, and the object was to recruit,

entice, harbor, transport, provide, obtain, maintain, benefit from an individual under the age of 18 engaged in commercial sex acts.

As to the substantive count, the Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person under the age of 18 or benefited from.

Secondly, the Defendant knew or was in reckless disregard of the fact that the person was under the age of 18.

Third, the Defendant knew or was in reckless disregard of the fact that the person under 18 would be caused to engage in commercial sex acts.

And the acts were in or affected interstate commerce.

(*id.* at 5-6). Robinson stated that he was in agreement that "the elements were correctly stated" (*id.* at 6). Robinson's counsel elaborated that he advised Robinson of the elements of the charges by "giv[ing] him a copy of the Statute itself. We have gone over the elements and we have applied the facts of this case to the elements of the crime stated in the Statute" (*id.*).

Robinson then confirmed to the district court that he understood the sentencing consequences of his guilty plea and all of the trial rights that he was waiving (DE:336 at 7-10). Robinson also agreed, after the Government struck paragraph two and the district court found that two sentences in paragraph seven regarding an interaction Robinson had with Coi Robinson-Barrett were not

necessary to prove the charges, that the facts in the factual proffer were all correct and provided a sufficient basis for his guilty plea (*id.* at 9-13). Robinson then pleaded guilty to all three counts charged against him in the indictment, and the district court accepted his plea (*id.* at 14).

A presentence investigation report ("PSI") was prepared to aid the district court in sentencing Robinson. The PSI determined that Robinson had a base offense level of 30, pursuant to USSG § 2G1.3(a)(2), because he was convicted of sex trafficking of minors (PSI ¶¶ 70, 78, 86, 94). With respect to victims Z.G., T.C., and L.J., that offense level was then increased by two, pursuant to USSG § 2G1.3(b)(2)(B), because Robinson unduly influenced a minor to engage in prohibited sexual conduct; by two, pursuant to USSG § 2G1.3(b)(3)(B), because a computer or interactive computer service was used to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor; by two, pursuant to USSG § 2G1.3(b)(4)(A), because the offense involved the commission of a sex act or sexual conduct; by two, pursuant to USSG § 3A1.1(b)(1), because Robinson knew or should have known his victims were vulnerable; and by four, pursuant to USSG § 3B1.1(a), because Robinson was an organizer or leader of criminal activity that involved five or more participants (*id.* ¶¶ 71-75, 86-92, 94-100). Accordingly, for victims Z.G., T.C., and L.J., Robinson had an adjusted

offense level of 42 (*id.* ¶¶ 77, 93, 101).   With respect to victim M.Y., Robinson had an adjusted offense level of 44, because his offense level was increased by an additional two levels, pursuant to USSG § 3C1.1, because he obstructed or attempted to obstruct justice (*id.* ¶¶ 78-85).   The PSI applied a multiple count adjustment to determine that Robinson's adjusted offense level was 48 (*id.* ¶¶ 102-109).   Finally, the PSI reduced Robinson's adjusted offense level by two, pursuant to USSG § 3E1.1(a), because he accepted responsibility, yielding a total offense level of 43 (*id.* ¶¶ 111-12).

The PSI then detailed 23-year-old Robinson's extensive criminal history, which included convictions for felony battery, battery on a juvenile justice detention center staff member, aggravated assault with a firearm, possession of marijuana, and carrying a concealed firearm (PSI ¶¶ 113-121).   When Robinson's total offense level of 43 was combined with his criminal history category of V, his advisory sentencing guidelines range was life imprisonment (*id.* ¶¶ 122, 154).   The PSI also noted that, on Count One, he faced a statutory maximum term of life imprisonment, and that, on Counts Two and Three, he faced a statutory mandatory minimum term of ten years of imprisonment and a maximum term of life imprisonment (*id.* ¶ 153).

The district court held a sentencing hearing for Robinson (DE:337).   At the outset, Robinson noted that he objected to the PSI holding him accountable for four

victims, because he only pleaded guilty to sex trafficking with respect to Z.G. and M.Y., although he noted that, because he had also pleaded guilty to the conspiracy, the Sentencing Guidelines stated that he was accountable for all four victims (*id.* at 4). The district court overruled that objection, and it found that Robinson had a total offense level of 43, a criminal history category of V, and a sentencing guidelines range of life imprisonment (*id.* at 5). Robinson then advocated for a below sentencing guidelines range sentence, arguing that all of the minor girls were prostitutes before and after they had worked for him and that he was not violent (*id.* at 6-31, 41-44).

In response, the Government reiterated the statements made by M.Y. that Robinson used physical force against her when she tried to leave the hotel room in which he was prostituting her and that she was afraid of him (*id.* at 31). In addition, the Government played a recorded telephone call during which Robinson called one of his co-conspirators, who was cooperating with the Government, and stated that he ordered that she be killed for her cooperation, stated that he called off the murder, and then told her that, in exchange for not being killed, she needed to have 14-year-old M.Y. killed (*id.* at 31-34). In response, the district court sentenced Robinson to 360 months of imprisonment, explaining that Robinson was

"despicable" and "violent" but deserved a sentence of 360 months of imprisonment, instead of life imprisonment, because he had pleaded guilty (*id.* at 43-44; DE:282).

This timely appeal followed (DE:303).

## 2.    Statement of the Facts

Robinson, who goes by the alias of Ace, operated a prostitution ring involving minor females who mostly resided in group homes in Fort Lauderdale, Florida (DE:144; PSI ¶ 3).   In furtherance of the scheme, Robinson and his co-defendants would rent rooms at Broward County hotels for the purpose of having the children engage in acts of prostitution (PSI ¶ 4).

On July 25, 2013, the Fort Lauderdale Police Department received a child abuse report from the mother of 17-year-old Z.G. stating that Z.G. was prostituting for and living with Robinson and that Robinson had been physically violent with Z.G. (DE:220; PSI ¶ 3).   On August 8, 2013, the Plantation Police Department, in response to an anonymous tip, responded to the Plantation Inn and found Robinson, a man named Chico, and Z.G. in a hotel room with a handgun and marijuana (DE:220).   The police returned Z.G. to her mother (*id.*).   In October 2013, law enforcement was able to locate Z.G. and she admitted to prostituting for Robinson, explaining that she gave half of the proceeds that she earned from prostitution to Robinson (*id.*).   Z.G. also identified her advertisement on backpages.com and

stated that the telephone number listed in that advertisement belonged to Robinson (*id.*).

On October 15, 2013, the Fort Lauderdale Police Department located and interviewed a minor female, 14-year-old M.Y., who identified Robinson from a photographic line-up as the man who had forced her into prostitution (DE:220). She explained that she became a prostitute after she and another minor female 17-year-old L.J., were taken by L.J.'s godfather Kenneth Ray to a hotel where she met Robinson, he took pictures of her, and he posted those pictures in an advertisement on backpages.com (*id.*; PSI ¶ 3).   M.Y. stated that, after her pictures were posted on the website, Robinson left her in the hotel room with a cellular telephone that was designated to receive calls for prostitution dates (DE:220). Chico, Robinson, L.J., and an unknown adult female stayed in the hotel room next to M.Y.'s while she had approximately 50 prostitution dates that night (*id.*).   M.Y. said that Robinson collected the money from her after every date and that, during two of the dates, he stayed in the bathroom of her hotel room because he did not trust that she would stay in the room and continue working (*id.*).

M.Y. further explained that, when she first began prostituting for Robinson, he told her to answer the cellular telephone that was used to arrange prostitution dates, and that, after several customers commented that she sounded very young on

the telephone, Robinson became angry and choked her (DE:220). Later that evening, M.Y. told Robinson that she wanted to leave the hotel, but he pushed her back into the room and told her that she could not leave (*id.*). The next morning, M.Y. escaped from the hotel (*id.*). M.Y. later saw the backpages.com advertisement that Robinson had posted with her photographs, which said that her name was Kia and listed L.J.'s email address and a telephone number (*id.*).

Another minor prostitute, 15-year-old T.C., stated that Robinson was prostituting both Z.G. and M.Y. (DE:220; PSI ¶ 3). She also explained that Robinson was in charge of a prostitution operation and that the other adults involved took direction from him (DE:220). An adult male identified T.C. as a prostitute who he twice had sexual intercourse with in exchange for money at a hotel (*id.*).

On recorded telephone calls, Robinson referred to prostitution dates and acknowledged that L.J. was a minor (DE:220). On another recorded telephone call, Robinson told one of his senior prostitutes to make sure that 14-year-old M.Y. was unavailable for trial, and, after the woman said that she would find M.Y. and beat her, Robinson told her that M.Y. should have "no more oxygen" (*id.*).

3.    **Standard of Review**

When a defendant challenges the validity of his guilty plea for the first time on appeal, it is reviewed only for plain error.    *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996).    This Court exercises plain error review "sparingly and only in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

**Summary of the Argument**

The district court did not plainly err by failing to state, during Robinson's plea colloquy, that the Government had to prove that Robinson knew that his acts were in or affecting interstate commerce.    First, Robinson invited the error that he now alleges, and thus waived his claim, because he explicitly stated that the Government had correctly recited all of the elements of his crimes and provided a complete factual basis for his guilty plea.    Second, even if he had not waived this claim, there still was no plain error affecting Robinson's substantial rights, because Robinson has not argued that, but for the alleged error, he would not have pleaded guilty to his offenses of conviction.    Third, even if Robinson had not invited the alleged error and had stated that but for the alleged error he would not have pleaded guilty, there was still no plain error because the law of this Circuit is clear that the Government does not have to prove that a defendant knew that his conduct was in or affecting

interstate commerce to commit sex trafficking of a minor, in violation of 18 U.S.C.

§ 1591.   Accordingly, Robinson's conviction should be affirmed.

## Argument

### The District Court Did Not Plainly Err in Finding that Robinson Knowingly Pleaded Guilty to Conspiring to Commit and Committing Sex Trafficking of a Minor.

Robinson argues that his conviction should be vacated because he did not

enter into his guilty plea knowingly.   He contends that, under 18 U.S.C. § 1591, to

convict him of sex trafficking of a minor, the Government was required to prove that

he knew that his conduct was in or affecting interstate commerce.   Thus, he

concludes, because that was not made clear during his plea colloquy and no facts

were presented about his knowledge of the interstate nature of his crime, his guilty

plea cannot stand.   He is incorrect for multiple reasons.

*First*, Robinson's challenge to his guilty plea has been waived because he

invited the precise error that he now claims occurred.   At Robinson's plea colloquy,

the Government stated that the elements of the offenses to which Robinson was

pleading guilty were:

> As to conspiracy to sex traffic minors, two or more people
> come to a mutual understanding to try to accomplish a
> common and unlawful plan.
>
> Secondly, the Defendant knew the unlawful purpose of the
> plan, willfully joined in on it, and the object was to recruit,

10

entice, harbor, transport, provide, obtain, maintain, benefit from an individual under the age of 18 engaged in commercial sex acts.

As to the substantive count, the Defendant recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person under the age of 18 or benefited from.

Secondly, the Defendant knew or was in reckless disregard of the fact that the person was under the age of 18.

Third, the Defendant knew or was in reckless disregard of the fact that the person under 18 would be caused to engage in commercial sex acts.

*And the acts were in or affected interstate commerce*

(DE:336 at 5-6) (emphasis added).   After that recitation of the elements, Robinson explicitly confirmed that that he was in agreement that "the elements were correctly stated," which, as is recited above, meant that he agreed that the Government did not have to prove knowledge with respect to the interstate nature of his acts (*id.* at 6). Robinson's counsel further elaborated that he advised Robinson of all of the elements of the charges by "giv[ing] him a copy of the Statute itself.   We have gone over the elements and we have applied the facts of this case to the elements of the crime stated in the Statute" (*id.*).   In addition, Robinson explicitly stated that the facts in the factual proffer were correct and provided a sufficient factual basis for all three counts to which he was pleading guilty (*id.* at 9-13).

11

The law of this Circuit is clear that, when a defendant invites a district court into making an alleged error by agreeing to the action that he then challenges on appeal, he is precluded from seeking review of that alleged error. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (holding that invited error occurs "when a party induces or invites the district court into making an error"); *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) (holding that "[w]hen a party responds to a court's proposed jury instructions with the words the instruction is acceptable to us, such actions constitute invited error" (internal quotation marks omitted)); *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003) (concluding that a defendant invited error involving the introduction of a recorded statement into evidence when counsel responded to the district court's question "Is everybody agreeable to that?" by responding "Yes, your honor").

Accordingly, when Robinson explicitly stated that the Government's statement of the elements of his crimes was correct, he invited the district court to accept that recitation as correct and complete and he invited the district court to refrain from further describing the charges brought against him. Similarly, when Robinson told the district court that there was a sufficient factual basis for his guilty plea based upon the stipulated factual proffer that he signed, he invited the district court to refrain from any further discussion of or investigation into the facts. Thus,

Robinson is precluded from challenging the district court's determination that he was informed sufficiently of the elements of the offenses to which he pleaded guilty and of the facts supporting that guilty plea.   *See e.g.*, *United States v. Peerani*, 2014 WL 3953414, *1 (11th Cir. Aug. 14, 2014) (holding that a defendant invited error, and thus waived his claim that his guilty plea was not entered into knowingly because the district court failed to adequately explain the elements of his crime, where he agreed that the Government correctly stated the elements of his offense and that the factual proffer provided a sufficient factual basis for his plea); *United States v. Dewater*, 224 F. App'x 904, 906 (11th Cir. 2007) (finding that a defendant invited error, and thus waived his claim that the district court plainly erred by accepting his plea because it was the result of misinformation and misrepresentation by his counsel, where he had told the district court that he was satisfied with his counsel); *United States v. Daniels*, 225 F. App'x 795, 796 (11th Cir. 2007) (holding that a defendant invited error, and thus waived his claim that the district court erred in accepting his guilty plea without the requisite factual basis, where he stated that "there exists a factual basis for the guilty plea" and requested the district court to accept his guilty plea).

*Second*, even if Robinson had not invited the alleged error, his appeal would still fail because he cannot demonstrate that the district court plainly erred in finding that his guilty plea was entered into knowingly.

To establish plain error, Robinson must show that there was an error, that was plain, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Hayes*, 40 F.3d 362, 364 (11th Cir. 1994). In the context of a challenge to the validity of a guilty plea, a defendant's substantial rights are affected only if there is a reasonable probability, based on the record as a whole, that, but for the error, the defendant would not have entered the guilty plea. *United States v. Moriarty*, 429 F.3d 1012, 1020 (11th Cir. 2005); *United States v. Monroe*, 353 F.3d 1346, 1350 (11th Cir. 2003). Robinson, however, does not allege that he would not have entered a guilty plea, and, instead, would have proceeded to trial, if the district court had more fully explained that his offense required the Government to prove that he knew that his conduct was "in or affecting interstate commerce." Indeed, Robinson states only that the Court should vacate his conviction without any explanation of what he would do after that conviction was vacated and makes no coherent argument that there was any possibility, let alone a reasonable probability, that he would not have pleaded guilty but for the alleged error. Indeed, in his stipulated factual proffer and

the undisputed facts of his PSI, Robinson admitted to prostituting both 17-year-old Z.G. and 14-year-old M.Y. at hotels by using internet advertisements and cellular telephones to recruit clients (DE:220).   Thus, there was no question that Robinson committed his offenses of conviction.   *United States v. Evans*, 476 F.3d 1176, 1179 (11th Cir. 2007) (holding that the use of hotels that serve interstate travelers and cellular telephones satisfies the interstate requirement of 18 U.S.C. § 1591(a)(1)); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 85, 124 S. Ct. 2333, 2341 (2004) ("When the record made for a guilty plea and sentencing reveals [strong evidence of guilt] . . . one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial.").   Accordingly, because Robinson has not carried his burden of demonstrating that the alleged error affected his substantial rights, his challenge to his guilty plea fails.

*Third*, Robinson has not carried his heavy burden of demonstrating that there was an error in his plea colloquy, much less an error that was plain.

Under Federal Rule of Criminal Procedure 11, a district court, when conducting a plea colloquy, must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea."   *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000).   In accepting a defendant's guilty plea, the district court must specifically address the three core concerns of Rule 11 by

"ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 F.3d at 1019.

A district court complies with the second core concern, which is what is at issue in the present case, when the record supports its finding that the defendant understood both (1) what he was admitting and (2) that "what he was admitting constituted the crime charged." *United States v. Mosley*, 173 F.3d 1318, 1324 (11th Cir. 1999). This Court has held that "there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." *United States v. Wiggins*, 131 F.3d 1440, 1443 (11th Cir. 1997). This Court has instructed that

> [f]or simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice. Charges of a more complex nature, incorporating esoteric terms or concepts unfamiliar to the lay mind, may require more explication. In the cases of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required.

*United States v. DePace*, 120 F.3d 233, 237 (11th Cir. 1997) (quotation marks and citation omitted); *see also United States v. Camacho*, 233 F.3d 1308, 1315-17 (11th Cir. 2000) (holding the district court did not plainly err in failing to ask if the defendant understood the nature of a cocaine distribution charge when it explained

16

the facts that the government needed to prove, the defendant acknowledged that she reviewed both the indictment and the plea agreement with counsel, the defendant expressed no confusion about the charge, and the facts were sufficient to establish her guilt); *United States v. Wiggins*, 131 F.3d 1440, 1442-43 (11th Cir. 1997) (holding that the district court did not plainly err in failing to separately outline the elements of a bank robbery charge when it asked the defendant if he understood the nature of the charges, the defendant admitted that he robbed banks, and the district court "incorporated the substance of those elements in a statement later on in the plea colloquy"). Robinson does not contend, because he cannot, that his offense was particularly complex.

Indeed, the elements of Robinson's crimes were that: "(1) he knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means; (2) he knew, or recklessly disregarded the fact, that each victim was a minor and would be caused to engage in a commercial sex act; and (3) his acts were in or affected interstate or foreign commerce." *United States v. Mozie*, 752 F.3d 1271, 1286 (11th Cir. 2014); 18 U.S.C. § 1591(a)(1). This Court has been clear that purely intrastate conduct, such as using hotels that serve interstate travelers or using cellular telephones, is enough to satisfy the interstate requirement of 18 U.S.C.

17

§ 1591(a)(1).   *Evans*, 476 F.3d at 1179; *United States v. Daniel*, 685 F.3d 1237, 1246 (11th Cir. 2012).

Those are the precise elements that the Government set forth in detail during Robinson's plea colloquy (DE:336 at 5-6).   Further, during his plea colloquy, Robinson stated that he had discussed the indictment, the charges brought against him, the relevant statute, and how the facts of his case applied to each element of his crimes with his counsel (*id.* at 6).

Contrary to Robinson's argument, the Government was not required to prove that he knew that his sex trafficking of minors affected interstate commerce. Section 1591 provides punishment for "whoever knowingly . . . in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing, or in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . ."   18 U.S.C. § 1591(a)(1).   In *Evans*, this Court concluded that the term "knowingly" does not modify the interstate commerce element of 18 U.S.C. § 1591(a)(1).   *Evans,* 476 F.3d at 1180 n.2.   In so doing, this Court noted that "'the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.'"   *Id.* (quoting *United States v. Feola*, 420 U.S. 671, 677 n. 9, 95 S.

Ct. 1255, 1260 n. 9 (1975)).    Thus, under *Evans*, the Government was not required to prove beyond a reasonable doubt that Robinson knew that his actions affected interstate commerce, and, accordingly, contrary to Robinson's position on appeal, that was not an element of the crime that needed to be explained to him in order for his guilty plea to have been made knowingly.

Robinson, however, points to the United States Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646, 129 S. Ct. 1886 (2009), in support of his argument.    But, that decision did not abrogate *Evans*' holding that the Government need not prove knowledge with respect to the interstate element of 18 U.S.C. § 1591(a)(1).    *See United States v. Myers*, 430 F. App'x 812 (2011) (holding that *Flores-Figueroa* does not abrogate *Evans*).    *Flores-Figueroa* involved a different statute, a different crime, and a different type of offense element. Specifically, *Flores-Figueroa* held that an aggravated identify theft conviction under 18 U.S.C. § 1028A required the Government to prove that the defendant knew that the means of identification that he stole belonged to another person.    *See* 129 S. Ct. at 1894.    Thus, the element at issue in *Flores-Figueroa* was a substantive element of the crime.

The interstate element at issue in this case, however, is not a substantive element of the crime of sex trafficking a minor.    Instead, it is a purely jurisdictional

19

element.    *Flores-Figueroa* did not address jurisdictional elements, such as interstate commerce.    Further, one of the main authorities *Flores-Figueroa* relied upon, *United States v. X-Citement Videos, Inc.*, 513 U.S. 64, 115 S. Ct. 464 (1994), explicitly acknowledged that there is a significant difference between jurisdictional and non-jurisdictional elements.    *See* 513 U.S. at 72 n.3, 115 S. Ct. at 469 n. 3. Thus, *Flores-Figueroa* has no bearing on *Evans.*

In addition, the textual analysis contained in *Flores-Figueroa* turned on the fact that the adverb "knowingly" in 18 U.S.C. § 1028A modified the full object of the transitive verb in the statute, which included the element that the means of identification belonged to another person.    *Flores-Figueroa*, 556 U.S. at 650, 129 S. Ct. 1886.    The interstate nexus element of 18 U.S.C. § 1591(a)(1), in contrast, is not part of the direct object of the transitive verbs of the statute, which are "recruits, entices, harbors, transports, provides, obtains, or maintains by any means."    The direct object of those verbs in 18 U.S.C. § 1591(a)(1) is "a person," and it is not "a person" who must be in or affecting interstate or foreign commerce.    Instead, it is the actions described by the transitive verbs -- the sex trafficking of a minor -- that must occur in, or affect, interstate or foreign commerce.    In other words, the interstate nexus element is in essence an adverbial phrase modifying the transitive verbs.    And, of course, *Flores-Figueroa* does not speak to whether an adverb that

20

modifies a transitive verb also extends to adverbial phrases that modify that same transitive verb.    Therefore, *Flores-Figueroa* does not undermine, much less abrogate, *Evans*.    *See United States v. Phea*, 755 F.3d 255, 265 (5th Cir. 2014) (holding, after *Flores-Figueroa*, that the Government need not prove knowledge of the interstate commerce jurisdictional hook in 18 U.S.C. § 1591(a)(1)); *United States v. Sawyer*, 733 F.3d 228, 229 (7th Cir. 2013) (same).

Thus, there was no error here.    And, even if it was error to follow *Evans*' holding that the Government is not required to prove an 18 U.S.C. § 1591(a)(1) defendant knew that his actions affected interstate commerce, that error certainly could not have been plain because there is no authority in this Circuit or the Supreme Court holding that *Evans* is no longer good law.    *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) ("A plain error is an error that is obvious and clear under current law.").

Accordingly, Robinson's conviction should be affirmed.

**Conclusion**

For the foregoing reasons, the district court's decision should be affirmed.

Respectfully submitted,

Wifredo A. Ferrer
United States Attorney


By:    s/Nicole D. Mariani
Nicole D. Mariani
Assistant United States Attorney
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9285
nicole.mariani@usdoj.gov

Kathleen M. Salyer
Chief, Appellate Division

Emily M. Smachetti
Assistant United States Attorney

Of Counsel

22

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Microsoft Word 2010, 14-point Times New Roman.

## Certificate of Service

I hereby certify that seven copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 22nd day of September, 2014, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on, Steven H. Haguel, Counsel for Brandon Robinson.

   s/Nicole D. Mariani
Nicole D. Mariani
Assistant United States Attorney

*jp*

23